UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MEGHAN MERCADEL | * | CIVIL ACTION |
| VERSUS | * | NO. 22-5222 |
| E-CLAIM.COM, LLC, ET AL. | * | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is Defendants Safepoint Insurance Company and E-Claim.com, LLC's unopposed Motion for Contempt and Sanctions against Plaintiff for failure to comply with this Court's April 2, 2024 Order directing plaintiff to execute the release by April 16, 2024, as required by the settlement agreement. R. Doc. 29; see also R. Doc. 28. For the following reasons, the Court grants in part and denies in part the motion.

**I.    BACKGROUND**

Plaintiff filed suit to recover for property damage resulting from Hurricane Ida as well as extra-contractual damages and attorneys' fees, alleging bad faith, failure to properly adjust the loss and underpayment of insurance proceeds. R. Doc. 1-1. During a settlement conference with Magistrate Judge Currault, the parties agreed to resolve all claims that were brought or could have been brought in this matter. R. Doc. 25.

At the conclusion of the settlement conference, the fact of and material terms of settlement were placed on the court record. That recording reflects that plaintiff agreed to settle all claims that were brought or could have been brought in exchange for defendants' delivery of a check in the amount of $97,000 in new money payable to plaintiff and her counsel within 30 days of receipt of the signed settlement agreement. This payment was in exchange for a full and complete release of all claims that were brought or could have been brought, including contractual and extra-

1

contractual claims for penalties and/or attorneys' fees with each party to bear their own costs. Following consummation of the settlement, the parties were to file a Joint Motion to Dismiss With Prejudice. The recording also reflects that Judge Currault confirmed with Ms. Mercadel personally that she understood the material terms of settlement and that she voluntarily agreed to those terms and without coercion.

On October 16, 2023, the Court entered an order of dismissal based on the settlement agreement reached before Judge Currault, which specifically retained jurisdiction to enforce the settlement agreement if settlement if not consummated, in accordance with *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994), and *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002). R. Doc. 26. In response to defense counsel's draft release, plaintiff's counsel requested additional language. Defense counsel incorporated the requested revisions into the draft release and delivered the settlement check. R. Doc. 27-1 at 1-2. Plaintiff did not, however, sign the release. On April 2, 2024, I granted in part and denied in part defendants' request to enforce the settlement, specifically ordering plaintiff to execute the release within 14 days. *Id.* at 8. Plaintiff has failed to do so despite the passage of over 60 days since issuance of my order. R. Doc. 29-1 at 2. Defendants now seek a finding of contempt and the sanction of dismissal of plaintiff's claims with prejudice. *Id.*

II. <u>APPLICABLE LAW AND ANALYSIS</u>

  A. <u>Requirements for Enforceable Settlement Agreement</u>

"[S]ettlement agreements are highly favored and will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *E.N. Bisso & Son, Inc. v. World Marine Transp. & Salvage, Inc.*, No. CIV. A. 94-0690, 1996 WL 28520, at *3 (E.D. La. Jan. 23, 1996); *see Elder v. Elder & Elder Enterprises, Ltd.*, 2006-0703 (La. App. 4 Cir. 1/11/07), 948

So. 2d 348, 351 ("Compromises are favored in the law and the burden of proving the invalidity of such an agreement is on the party attacking it."), *writ denied*, 2007-0560 (La. 5/4/07), 956 So. 2d 616. Under Louisiana law, an enforceable settlement agreement must "be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." La. Civ. Code art. 3072. Where a settlement agreement is recited in open court, courts have required that the recital "make full disclosure of the terms so that all parties involved are fully appraised of their rights and obligations." *Abadie v. Metro. Life Ins. Co.*, 97-932 (La. App. 5 Cir. 4/9/98), 712 So. 2d 932, 934, *writ denied*, 98-1268 (La. 6/26/98), 719 So. 2d 1059.

### B. Jurisdiction to Enforce Settlements Recited on the Court Record

A district court has inherent power to enforce settlements in cases before it, *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984) (citation omitted), and it may do so after dismissal of a case if it retains jurisdiction to enforce said settlement, *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). In *Kokkonen*, the Supreme Court held that, unlike the reopening of an action, "[e]nforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." 511 U.S. at 378. The Court may retain jurisdiction over the enforcement of the settlement agreement only by incorporating the agreement into its dismissal order, or by retaining jurisdiction over the settlement contract, which the Court did in this case. *Id.* at 381-82. The Court's ancillary enforcement jurisdiction extends beyond the sixty days within which a party could move to reopen the action. *See id.* at 381 (holding that if a court includes in its order of dismissal a provision retaining jurisdiction over the settlement agreement, then "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist").

A party's refusal to execute the formal agreement reciting the settlement terms does not preclude the Court from exercising its discretion to enforce the settlement agreement. *See, e.g., Daftary v. Metropolitan Life Ins. Co.*, 136 F.3d 137, 1998 WL 30059, at *1 (5th Cir. Jan. 12, 1998) (per curiam). Unless the party seeking to withdraw can demonstrate that the agreement is invalid under state law at the time it was made or differs materially from any judgment entered enforcing the agreement, "a federal court may hold them to their word by incorporating the terms of their agreement into a final judgment." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 268 (5th Cir. 1995). Moreover, the Court "may summarily enforce a settlement agreement if no material facts are in dispute. *Cavalier v. Jull L. Craft, Attorney at Law, LLC*, No. 23-30778, 2024 WL 2846059, at *3 (5th Cir. June 5, 2024) (citing *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015) (noting that an evidentiary hearing is required when material facts are in dispute)).

C. <u>**Appropriate Relief for Failure to Comply With Court Order**</u>

"Contempt is characterized as either civil or criminal depending on its 'primary purpose'" and depending on the character of the relief. *In re Collier*, 582 F. App'x 419, 422 (5th Cir. 2014) (citation omitted); *Ravago Americas L.L.C. v. Vinmar Int'l Ltd.*, 832 F. App'x 249, 254 (5th Cir. 2020). Criminal contempt, which is designed to vindicate the authority of the court and punish for past disobedience, constitutes a crime and may not be imposed without observing the Constitutional protections afforded to criminal proceedings. *Ravago Americas*, 832 F. App'x at 254. Civil contempt, which can either be compensatory (i.e., to remedy losses sustained) or coercive (designed to pressure the contemnor into compliance), may be imposed in ordinary civil proceedings upon notice and an opportunity to be heard. *Ravago*, 832 F. App'x at 254; *see also Quilling v. Funding Res. Grp.,* 227 F.3d 231, 234 (5th Cir. 2000); *In re Stewart*, 571 F.2d 958, 963

4

(5th Cir. 1978) (citations omitted); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290–91 (5th Cir. 2002) (citations omitted).

Sanctions are proper where clear and convincing evidence indicates (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court order. *Lyn-Lea Travel Corp.*, 283 F.3d at 291 (citing *FDIC v. LeGrand*, 43 F.3d 163, 165 (5th Cir. 1995)); *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995). The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc.*, 68 F.3d at 961 (internal quotation marks omitted); *see also Moawad v. Childs*, No. 00-60365, 2001 WL 498491, at *1 (5th Cir. Apr. 9, 2001). Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order. *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987).

### D. Analysis

The parties, both through counsel and personally, confirmed their agreement to the essential terms of settlement recited on the court record before Judge Currault on October 12, 2023, which recording is capable of being transcribed. Thus, as recognized by Order dated April 2, 2024, the parties have entered into a valid and enforceable settlement agreement under Louisiana law. R. Doc. 28 at 5-7 (citing *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987) ("[W]here jurisdiction is based upon diversity of citizenship, we will apply the substantive law of [the state] to determine whether the settlement agreement allegedly entered into between [the parties] is enforceable."); *see also Sundown Energy L.P. v. Haller*, 773 F.3d 606, 611 (5th Cir. 2014) (stating more broadly that "the construction and enforcement of settlement agreements is

governed by the principles of state law applicable to contracts generally" (quoting *E. Energy, Inc. v. Unico Oil & Gas, Inc.*, 861 F.2d 1379, 1380 (5th Cir. 1988)).

For that reason, I granted defendants' request to enforce the settlement and specifically ordered plaintiff to execute the release within 14 days. R. Doc. 28 at 8. Plaintiff has failed to do so despite the passage of over 60 days since issuance of my order. R. Doc. 29-1 at 2. Defendant has provided clear and convincing evidence that plaintiff has not complied with my Order, and plaintiff has not provided any evidence to create a material fact dispute as to the enforcement of the settlement agreement recited into the court record. Considering the obligation to impose the least restrictive sanction that appropriately addresses the non-compliance, the Court finds that the sanction of dismissal with prejudice of all claims that plaintiff brought or could have brought in this proceeding is appropriate rather than holding plaintiff in criminal or civil contempt for failure to comply with my April 2, 2024 order.

### III.  CONCLUSION

For the foregoing reasons, the motion for contempt and sanctions is GRANTED IN PART AND DENIED IN PART. The Court DENIES defendants' request to hold plaintiff in contempt but GRANTS the request for sanctions and ORDERS that the settlement agreement be enforced, including entry of Judgment dismissing WITH PREJUDICE all claims that plaintiff brought or could have brought in this proceeding.

New Orleans, Louisiana, this 11th day of June, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE